1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11

JACKIE LYNN KOONCE,

                              Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

Case No. 3:14-cv-05805

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12
13
14
15
16
17
18
19
20
21
22

        Plaintiff has brought this matter for judicial review of defendant's denial of her

application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of

Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard

by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining

record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny

benefits should be reversed and this matter should be remanded for further administrative

proceedings.

23

FACTUAL AND PROCEDURAL HISTORY

24
25
26

        On September 19, 2012, plaintiff filed an application for disability insurance benefits,

alleging disability as of December 14, 2010. *See* Dkt. 7, Administrative Record ("AR") 25. This

ORDER - 1

application was denied upon initial administrative review on February 19, 2013, and on reconsideration on May 9, 2013. *See id.* A hearing was held before an administrative law judge ("ALJ") on December 19, 2013, at which plaintiff, represented by counsel, appeared and testified, as did plaintiff's uncle and a vocational expert. *See* AR 44-109.

In a decision dated February 19, 2014, the ALJ determined plaintiff to be not disabled. *See* AR 22-43. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on August 9, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981. On October 10, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 1. The administrative record was filed with the Court on March 31, 2015. *See* Dkt. 7. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or alternatively for further proceedings, because the ALJ erred:

(1)    in evaluating plaintiff's Veterans Affairs ("VA") rating decision;

(2)    in evaluating the medical evidence in the record;

(3)    in discounting plaintiff's credibility;

(4)    in rejecting the lay witness evidence in the record;

(5)    in assessing plaintiff's residual functional capacity ("RFC");

(6)    in finding plaintiff to be capable of returning to her past relevant work;

(7)    in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy; and

(8)    in issuing a decision that is no longer supported by substantial evidence considering new evidence submitted to the Appeals Council.

ORDER - 2

For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating plaintiff's VA rating decision – and thus in assessing her RFC and in finding her capable of work – and therefore in determining her to be not disabled. Also for the reasons set forth below, however, the Court finds that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

<u>DISCUSSION</u>

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld.

ORDER - 3

1  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence

2  sufficient to support either outcome, we must affirm the decision actually made.") (*quoting*

3  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

4  I.      The ALJ's Evaluation of Plaintiff's VA Rating Decision

5              Although a determination by the VA about whether a claimant is disabled is not binding

6  on the Social Security Administration ("SSA"), an ALJ must consider that determination in

7  reaching his or her decision. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); 20

8  C.F.R. § 404.1504. Further, the ALJ "must ordinarily give great weight to a VA determination of

9  disability." *McCartey*, 298 F.3d at 1076. This is because of "the marked similarity" between the

10  two federal disability programs:

> Both programs serve the same governmental purpose – providing benefits to those unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims. . . . Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims. Both are administered by the federal government, and they share a common incentive to weed out meritless claims. The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework.

*Id*. However, "[b]ecause the VA and SSA criteria for determining disability are not identical,"

the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 4

1  reasons for doing so that are supported by the record." *Id.* (*citing Chambliss v. Massanari*, 269

2  F.3d 520, 522 (5th Cir. 2001)).

3      On September 5, 2012, the VA issued a rating decision, and on September 14, 2012, it

4  issued a decision breakdown. *See* AR 1865-82, 1883-90. In the rating decision, the VA assigned

5  a 50 percent disability rating for plaintiff's posttraumatic stress disorder ("PTSD") with major

6  depressive disorder, a 40 percent disability rating for plaintiff's intervertebral disc syndrome

7  with strain lumbar spine and a 30 percent disability rating for plaintiff's migraines. *See* AR 1867-

8  68. The VA also assigned a 10 percent disability rating for each of the following impairments:

9  
10  recurrent tinnitus, intervertebral disc syndrome with strain cervical spine, left shoulder

11  tendonitis, neuritis of the ulnar nerve, strain right wrist, gastroesophageal reflux disease,

12  degenerative joint disease and strain right hip, strain left hip, and strain left ankle. *See* AR 1868-

13  73. In the decision breakdown, the VA informed plaintiff that her overall or combined disability

14  rating was 100 percent and that she was entitled to VA disability benefits. *See* AR 1883-90.

15  
16      The ALJ "decline[d] to give any significant weight to the [VA disability determination]

17  because it fail[ed] to identify the claimant's specific workplace restrictions that would interfere

18  with her ability to do work," further noting the VA had concluded plaintiff's "condition was not

19  severe enough to keep her from working and that she [was] capable of performing other work."

20  AR 35. Plaintiff asserts the ALJ erred in so finding. The Court agrees. First, both parties agree

21  that the ALJ incorrectly found the VA concluded plaintiff's condition was not severe enough to

22  
23  keep her from working, as that actually was the SSA's own explanation as to why it was denying

24  plaintiff disability benefits. *See* AR 35, 1882. As such, the ALJ erred here.

25      The Court disagrees with defendant, however, that the ALJ properly discounted the VA

26  rating decision on the basis that it failed to identify specific workplace restrictions that would

ORDER - 5

interfere with plaintiff's ability to work. Although not all the impairments the VA found to result in a determination of disability indicate such restrictions – as opposed to mere symptoms[2] – there are at least two that do. First, in terms of plaintiff's diagnosis of posttraumatic stress disorder with major depressive disorder, the VA rating decision stated that a rating of 50% disability for that impairment was being assigned based in part on "[d]ifficulty in establishing and maintaining effective work and social relationships." AR 1867.

The rating decision also stated that the above disability percentage was being assigned in part based on "[t]he examiner's assessment of [plaintiff's] current mental functioning, which is partially reflected in" her global assessment of functioning ("GAF") score of 49 indicating "serious symptoms" or "any serious impairment in social, occupational, or school functioning." *Id.* Lastly in terms of plaintiff's PTSD, the rating decision stated the disability percentage was being based in part on "[o]ccupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks." *Id.* Difficulty in establishing and maintaining work relationships, occasional decreases in work efficiency and intermittent periods of inability to perform occupational tasks clearly are examples of specific work-related limitations. The GAF score of 49 further is suggestive of potential occupational impairment.

In addition to the PTSD-related vocational limitations discussed above, the VA rating decision also assigned plaintiff a 30% disability evaluation based on migraines headaches with

---

[2] *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability"); *Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir 2005) (noting that "[c]onditions must not be confused with disabilities," that "[t]he social security disability benefits program is not concerned with health as such, but rather with ability to engage in full-time gainful employment," and that "[a] person can [experience mental and physical symptoms,] yet still perform full-time work"); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (noting that "[t]he mere diagnosis of [an impairment] . . . says nothing about the severity of the [diagnosed] condition," and upholding finding of non-severity where doctors reports were silent as to any limitations that may stem from that impairment).

ORDER - 6

1
2
3
4
5
6
7
8
9

"characteristic prostrating attacks occurring on an average once a month over [sic] last several months." AR 1868. Certainly, the need to prostrate oneself due to migraine attacks occurring on average of at least once per month could have an adverse impact on one's ability to perform full-time work. The ALJ's failure to address or acknowledge the VA's findings in the rating decision constitutes reversible error and thus is not harmless, given that had the ALJ properly considered those findings, this might have resulted in a more restrictive RFC assessment, in a determination that plaintiff is unable to perform either her past relevant or other work and therefore in a finding of non-disability.[3]

10
11
12
13
14
15
16
17

Defendant offers an additional reason for upholding the ALJ's rejection of the VA rating decision, namely that "the evidence relied upon by the VA determination is inconsistent with that from the current record." *See* Dkt. 16, p. 10. The ALJ, however, did not offer this as a reason for rejecting the rating decision. *See* AR 35; *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's decision based on evidence ALJ did not discuss).

18

II.    The ALJ's Assessment of Plaintiff's Residual Functional Capacity

19
20
21
22
23
24

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's

25
26

[3] *See Stout v. Comm'r, Soc. Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where it is non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion); *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on part of ALJ would not have affected "ALJ's ultimate decision.").

ORDER - 7

"functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case found plaintiff had the RFC to perform:

> **. . . light work . . . that does not require more than occasional stooping, kneeling, crouching, crawling, or climbing of ramps or stairs; that does not require climbing of ladders, ropes, or scaffolds; that does not require more than occasional overhead reaching; that does not require concentrated exposure to vibration or hazards such as open machinery or unprotected heights; that is performed in a moderate or quieter noise environment or allows the worker to wear hearing protection; that does not require more than occasional superficial interaction with coworkers; and that does not require interaction with the general public.**

AR 30 (emphasis in original). However, because as discussed above the ALJ erred in rejecting the VA rating decision, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's capabilities. Accordingly, here too the ALJ erred.

III.    The ALJ's Step Four and Step Five Determinations

The claimant has the burden at step four of the sequential disability evaluation process to

ORDER - 8

show that he or she is unable to return to his or her past relevant work. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). If a claimant cannot perform his or her past relevant work at step four, at step five the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett*, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical question posed by the ALJ to the vocational expert. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony in response thereto thus must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). As such, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual functional capacity. *See* AR 100-03. In response thereto, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – could perform plaintiff's past work as an administrative clerk as well as other jobs. *See id*. Based on the testimony of the vocational expert, the ALJ found plaintiff to be capable of performing both her past relevant work and other jobs existing in significant numbers in the

ORDER - 9

national economy. *See* AR 37-38. Again, though, because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical question cannot be said to completely and accurately describe all of plaintiff's capabilities. Therefore, the vocational expert's testimony, and thus the ALJ's findings at steps four and five, cannot be said to be supported by substantial evidence or free of error.

IV.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey*, 298 F.3d at 1076-77. Because issues still remain in regard to the VA rating decision, plaintiff's RFC and her ability to perform both her past relevant work and other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

ORDER - 10

CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 20th day of August, 2015.


Karen L. Strombom
United States Magistrate Judge

ORDER - 11